*Frank W. Volk*
Frank W. Volk
United States District Judge

**Dated: April 24th, 2020**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**In re:**

    **Williamson Memorial Hospital, LLC,**     Case No. 19-20469
                                                     **Chapter 11**
          **Debtor in Possession**            **Judge Frank Volk**

**FINAL ORDER GRANTING 4th EMERGENCY MOTION OF DEBTOR-IN-POSSESSION FOR FINAL ORDERS AUTHORIZING DEBTOR TO (A) OBTAIN SECURED PRIMING POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364; (B) AUTHORIZE TO USE CASH COLLATERAL AND OTHER COLLATERAL PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 363; (C) SCHEDULING FINAL HEARING, PURSUANT TO RULES 4001(b), 4001(c) AND 9014; AND (D) GRANTING RELATED RELIEF**

Based upon the foregoing, and upon the record made before this Court at the final hearing, and good and sufficient cause appearing therefore, it is hereby ordered and adjudged that:

    1.    Motion Granted. The *4th Emergency Motion Of Debtor-In-Possession For Final Orders Authorizing Debtor To (A) Obtain Secured Priming Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 364; (B) Authorize To Use Cash Collateral And Other Collateral Pursuant To 11 U.S.C. §§ 105, 361, 362 and 363; (C) Scheduling Final Hearing, Pursuant To Rules 4001(B), 4001(C) and 9014; and (D) Granting Related Relief* [DN# 151] (the "Motion") is granted on a final basis to the extent provided in this Order. No party voiced any objections to the relief sought in the Motion or the entry of this Order.

    2.    Authorization to enter into Debtor-In-Possession Financing. The Debtor is authorized to borrow up to the aggregate amount of $200,000.00 (the "DIP Loan") pursuant to this

Order from Doug Reynolds, Sam Kapourales and Charles Hatfield (collectively the "DIP Lender").

3. The Debtor is authorized and directed to perform all acts as the DIP Lender may reasonably require as evidence of and for the protection of the obligations arising under the DIP Loan and/or this Order (collectively, the "DIP Loan Obligations") or which may be otherwise deemed necessary by the DIP Lender to effectuate the terms and conditions of this Order.

4. DIP Liens. The DIP Loan shall be secured by the liens (the "DIP Liens"), effective upon entry of this Order without any further action required, on all the accounts receivable of the Debtor (the "DIP Collateral").

5. DIP Lender's Superpriority Claim. Pursuant to Section 364(c)(1), the DIP Loan shall constitute an allowed claim ("Superpriority DIP Claim") against the Debtor, with priority over any and all administrative expenses, diminution claims, adequate protection claims and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, including all administrative expenses of the kind specified in Sections 364, 503(b) and 507(b), and over any and all administrative expenses or other claims arising under Sections 105, 326, 328, 330, 331, 503(b), 506(c), 507, 546(c), 726, 1113, or 1114, whether or not such expenses or claims may become secured by a judgment lien or other non-consensual lien, levy, or attachment, and which Superpriority DIP Claim shall be payable from and have recourse to all pre- and post-petition property of the Debtor and all proceeds thereof. The Superpriority DIP Claim and the DIP Liens shall continue even if Debtor's Chapter 11 case is converted to a case under Chapter 7 of the Bankruptcy Code, and shall maintain their priority as provided in this Order until all DIP Loan Obligations have been indefeasibly paid, in full, in cash, or otherwise satisfied with the consent of the DIP Lender.  Notwithstanding the foregoing, the rights of the DIP Lender hereunder are

subordinate to the liens and rights of Pikeville Medical Center, Inc., as lender to Debtor pursuant to the terms set forth in the *Final Order granting the 6th Motion of Debtor-in-Possession for an Order Authorizing Debtor to (A) Obtain Secured Priming Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364; (B) Authorize Debtor to Use Cash Collateral and Grant Protection to Secured Lenders Pursuant to 11 U.S.C. §§ 105, 361, 362 and 363; (C) Schedule Final Hearing Pursuant to Rules 4001(b), 4001(c) and 9014; and (D) Grant Related Relief*.

6. The terms for the use of the DIP Collateral, respectively, set forth in this Order are fair and reasonable, reflect the Debtor's prudent exercise of business judgment and constitutes reasonably equivalent value and fair consideration for the use of such collateral, subject to the restrictions set forth in this Order. No creditor has sought, or is entitled to, any adequate protection as a result of the Court's grant of the Motion.

7. No Additional Filings Required for Perfection. All DIP Liens and any other liens in favor of the DIP Lender pursuant to this Order are valid, enforceable, and perfected, effective as of the Petition Date, and (notwithstanding any provisions of any agreement, lease, instrument, document, the Uniform Commercial Code, or any other relevant law or regulation of any jurisdiction) no further notice, filing, or other act shall be required to effect such perfection, and all DIP Liens on any deposit accounts or securities accounts shall pursuant to this Order be, and they hereby are, deemed to confer "control" for purposes of Sections 46-8-106, 9-104, and 9-106 of the Uniform Commercial Code in the various states that are the respective "jurisdictions" (as that term is used in respect of "control" in Articles 8 and 9 of the Uniform Commercial Code) of the depositary banks or securities intermediaries applicable thereto as in effect as of the date hereof in favor of the DIP Lender. A certified copy of this Order may, in the discretion of the DIP Lender,

be filed with or recorded in any filing or recording office and all filing offices are hereby authorized and directed to accept such certified copy of this Order for filing and recording.

8. Jurisdiction. The Court shall retain exclusive jurisdiction to interpret and enforce this Order and the terms of the DIP Loan.

9. The provisions of this Order are effective as of the date and time of the conclusion of the final hearing upon the relief sought by the Motion.

10. The DIP Lender must file a motion seeking relief from the automatic stay with this Court prior to seeking to enforce the DIP Liens.

Approved for Entry:

 */s/ Joe M. Supple*
Joe M. Supple
Supple Law Office PLLC
801 Viand Street
Point Pleasant, WV 25550
304-675-6249
Joe.Supple@supplelawoffice.com

    *and*

 */s/ Glenn B. Rose*
Glenn B. Rose, TN Bar No. 10598
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6273
Facsimile (615) 742-6293
grose@bassberry.com

*Counsel for Debtor*